1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

CALLI L. HISEY, an individual; and CALLI HISEY LAW OFFICES PC, a Washington corporation,

Plaintiffs,

vs.

KELLY ELLIS, an individual; INNOVATIVE DATA SEARCH LLC dba www.bankruptreport.com, a Delaware corporation; ENOM, LLC, a Washington corporation; PRIVACY PROTECTION SERVICE INC d/b/a PrivacyProtect.org; GOOGLE INC.; a Delaware corporation, YAHOO! INC., a Delaware corporation; MICROSOFT CORPORATION, a Washington corporation; and JANE DOES and JOHN DOES 1-10, inclusive,

Defendants.

No. 3:17-cv-05543-JRC

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEFS AND DAMAGES FOR: CYBERSQUATTING (15 U.S.C. § 1125 (d)); TRADEMARK INFRINGEMENT (15 U.S.C. § 1125); DEFAMATION PER SE; DEFAMATION (TRADE LIBEL); INVASION OF PRIVACY (FALSE LIGHT); INVASION OF PRIVACY (PUBLIC DISCLOSURE OF PRIVATE FACTS); TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY; TORTIOUS INTERFERENCE WITH CONTRACT; VIOLATION OF WASHINGTON PERSONALITY RIGHTS ACT (Wash. Rev. Code Ann. § 63.60); INTENTIONAL INFLICTION OF EMOTIONAL OUTRAGE; and NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS

**DEMAND FOR JURY TRIAL**

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEFS AND DAMAGES

Plaintiffs, CALLI L. HISEY and CALLI HISEY LAW OFFICES PC, allege as follows:

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



## I.   PARTIES

1.   Plaintiff CALLI L. HISEY is an individual residing in and doing business in the City of Vancouver, Washington, County of Clark.

2.   Plaintiff CALLI HISEY LAW OFFICES PC is a Washington corporation with its principal place of business in the City of Vancouver, Washington, County of Clark.

3.   Defendant KELLY ELLIS is an individual residing in Carthage, Missouri, County of Jasper.

4.   Defendant INNOVATIVE DATA SEARCH LLC dba www.bankruptreport.com is a Delaware corporation, its principal place of business is unknown.   This corporation conducts business throughout the United States.

5.   At all times herein KELLY ELLIS refers to him individually and acting as an agent of INNOVATIVE DATA SEARCH LLC dba www.bankruptreport.com or any other company he is affiliated with not named in this Complaint.

6.   Defendant ENOM, LLC is a Washington corporation with its principal place of business in Washington.   ENOM, LLC is a domain registrar and web hosting company doing business throughout the United States.

7.   PRIVACY PROTECTION SERVICE INC d/b/a PrivacyProtect.org is the web hosting company for www.cutestat.com.

8.   Defendant GOOGLE INC. is a Delaware corporation with its principal place of business in California.   GOOGLE INC. operates a Search Engine at: www.google.com.

9.   Defendant YAHOO! INC. is a Delaware corporation with its principal place of business in California.   YAHOO! INC. operates a Search Engine at: www.yahoo.com

10. Defendant MICROSOFT CORPORATION is a Washington corporation with its

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **2** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

principal place of business in Washington.  MICROSOFT CORPORATION operates a Search Engine at: www.bing.com.

11. Plaintiffs do not know the true names and capacities of the defendants named in this action JANE DOES and JOHN DOES 1-10, inclusive (collectively "Defendants" or "DOE Defendants"), and they are therefore sued by such fictitious names.  This Complaint will be amended to allege their true names and capacities when they have been ascertained.  Plaintiffs are informed and believe, and based thereon alleges, that such fictitiously-named defendants and each of them are responsible in some manner for the occurrences alleged, and that Plaintiffs' damages were proximately caused by their conduct.

## II.   JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), based on the Anti-Cybersquatting Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and the Lanham Act, 15 U.S.C. § 1125(a).  The Court has subject matter jurisdiction over the non-statutory claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

13. This Court has personal jurisdiction over the defendants because each defendant engaged in acts within the State of Washington, and intentionally directed tortious conduct at Plaintiffs knowing such conduct would cause harm within this District.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that most or all of the acts constituting the violations of law complained of herein occurred in this district.

15. The Court has jurisdiction over Plaintiffs' action for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-2203 and Rules 57 and 65 of the FRCP.

## III.   FACTS COMMON TO ALL CLAIMS

16. CALLI L. HISEY ("Ms. Hisey") started using the marks Calli Hisey, Calli L. Hisey,

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **3** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

And Calli Lynn Hisey (the "Marks") as to reference her profession as an attorney for use in commerce in October 2015 when she became a licensed attorney in the State of Washington, and has continuously developed goodwill in the Marks since then. The Marks are inherently distinctive and/or have acquired distinctiveness. Upon information and belief, there is no other Calli Hisey in the world. Ms. Hisey is the owner of all rights in and to the Marks.

17. Ms. Hisey's online presence from June 2016-January 2016 consisted of a bio website at the domain name www.callihiseylawoffices.com. Since June 2016 Ms. Hisey's bio page was titled "Calli L. Hisey, Attorney at Law," and showed up first in search engine results for: "Calli Hisey," "Calli L. Hisey," "Calli Lynn Hisey" and for each of those phrases followed by the word "attorney," and/or combined with the location "Vancouver, WA."

18. Ms. Hisey opened her own law practice, CALLI HISEY LAW OFFICES PC ("CHLO"), on February 1, 2017. CHLO's online presence from February 1, 2017-present consisted of firm website at the domain name www.callihiseylawoffices.com. Since February 1, 2017 17-20 July or 26/27 July CHLO started using the marks Calli Hisey Law Offices PC (incorporated into the "Marks") as to reference CHLO's law firm for use in commerce, and has continuously developed goodwill in the Marks since then. The Marks are inherently distinctive and/or have acquired distinctiveness. Upon information and belief, there is no other Calli Hisey Law Offices PC in the world. CHLO is the owner of all rights in and to the Marks.

19. It is Defendant KELLY ELLIS' modus operandi to post embarrassing information about individuals and request money to take the information off the internet. That is the purpose behind the website www.bankruptreport.com which is owned and operated by Defendant INNOVATIVE DATA SEARCH LLC, which is owned and operated by KELLY ELLIS. KELLY ELLIS also actively purchases domain names in other individual's names, posts embarrassing

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **4** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

1   information about them to the website and demands money to take the website down.  KELLY

2   ELLIS' conduct is published and available to the public at large through www.google.com,

3   www.yahoo.com, www.bing.com, and other avenues not specifically addressed herein.

4       20. A dispute arose between Ms. Hisey and Defendant KELLY ELLIS on December 16,

5   2016 when Ms. Hisey emailed www.bankruptreport.com via the email provided on the website:

6   sales@innovativedatasearch.com.  Ms. Hisey requested her name be removed from the website

7   bankruptreport.com.  Ms. Hisey expressed concern as to that website's legality.  KELLY ELLIS

8   dba INNOVATIVE DATA SEARCH LLC ("INNOVATIVE DATA SEARCH") dba

9   www.bankruptreport.com began to threaten Ms. Hisey from that point forward using the email

10  address sales@innovativedatasearch.com and billing@innovativedatasearch.com.

11      21. Ms. Hisey has never met Defendant KELLY ELLIS.

12      22. The dispute came to a head on December 20, 2016 when KELLY ELLIS threatened to

13  create a website in Ms. Hisey's name in response to Ms. Hisey's cease and desist request.  Ms.

14  Hisey asked KELLY ELLIS not to create a website in her name.

15      23. On December 20, 2016 KELLY ELLIS wrote Ms. Hisey an email stating "I have also

16  registered the domain URL: CalliHisey.com to publish the correspondence and materials

17  associated with [Ms. Hisey's] accusations and attempt to belittle, degrade, threaten and quash our

18  operations…[s]ue us and we will counter-sue [sic] you into oblivion."  In the same email, he

19  threatened to report Ms. Hisey to the Washington State Bar Association ("WSBA") for "citing

20  [Ms. Hisey's] license status in abusive threatening correspondence."

21      24.  KELLY ELLIS purchased the domain name: www.callihisey.com (the "Infringing

22  Domain Name") and created a website about Ms. Hisey ("the Infringing Site").  The Infringing

23  Domain Name consists of Ms. Hisey's Mark followed by the .com suffix.  The date this complaint

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **5** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

was filed the Infringing Site named Defendant CHLO as well as identifying Ms. Hisey.

25. On information and belief, KELLY ELLIS himself was and is registered as the owner and administrator of the Infringing Domain Name, and the administrator of the Infringing Site.

26. ENOM, LLC registered the Infringing Domain Name to KELLY ELLIS and hosted the website at the time this Complaint was filed.

27. KELLY ELLIS was not authorized by Ms. Hisey to register or administer the Infringing Domain Name.

28. On December 20, 2016 Ms. Hisey requested KELLY ELLIS remove the website. KELLY ELLIS responded with the following:

> "If you would like to discuss the matter, I will need your explicit permission to write to you, or at the very least respond to your inquiries, and your confirmation that you concur that we have contacted you only in this specific capacity, as well as a full retraction your [sic] request to stop receiving communications from us, and lastly, your explicit affirmatio that you are not 'scared' for your physical well being in any capacity in association with our correspondence or any of our websites or databases.

> We are willing to possibly discuss [removing the website], but will not take any action based on correspondence received in what you have by request reduced to a unidirectional conversation."

29. KELLY ELLIS' request amounted to a demand that Ms. Hisey forfeit her legal rights or else the website would remain live.

30. KELLY ELLIS began to use the Infringing Site as a tool to control Ms. Hisey and scare her into following his demands, and engaging in conversation with him.

31. Ms. Hisey emailed KELLY ELLIS on December 20, 2016 indicating he was "beginning to frighten her," and asked that he stop contacting her.  KELLY ELLIS did not cease communication.

32. At that time, KELLY ELLIS began to repeatedly email Ms. Hisey at her former employer's email address from REMOVE ARREST LLC.  Upon information and belief,

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **6** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



REMOVE ARREST LLC is owned and operated by KELLY ELLIS.

33. KELLY ELLIS began to repeatedly text Ms. Hisey from EraseMugshots.com.  Upon information and belief, EraseMugshots.com is owned and operated by KELLY ELLIS.

34. KELLY ELLIS called Ms. Hisey's personal cell phone on February 7, 2017 from a telephone number ending in 9172 from Boca Raton, FL at 6:02pm.  Upon information and belief, KELLY ELLIS has a telephone using a phone number ending in 9172 from Boca Raton, FL.

35. KELLY ELLIS subsequently filed a formal complaint to the WSBA alleging to be a victim of harassment.  The WSBA dismissed the complaint.

36. A search for any of Ms. Hisey's Marks on www.yahoo.com and www.bing.com now shows The Infringing Site as the first search result.  The Infringing Site shows up fourth on search results for Ms. Hisey's Marks on www.google.com.

37. KELLY ELLIS titled the Infringing Website: "Calli Hisey Abusive and Threatening Attorney."  KELLY ELLIS represented himself to be Ms. Hisey, and represented the website was created by Ms. Hisey herself in beginning the website content with: "I'm a licensed attorney with [Ms. Hisey's former employer]…"

38. KELLY ELLIS posted content to the Infringing Site with the intent of disparaging Ms. Hisey and harming her ability to practice law and maintain a reputation in her community, in addition to an attempt to extort a profit from her to remove the website.

39. In December 2016, the content of The Infringing Site consisted of a screenshot of Ms. Hisey's 2014 bankruptcy information, broadcasting her personal identification information (name, address, last 4 of SSN etc.), combined with false comments and innuendos, that, when considered as a whole, convey false messages to readers.  KELLY ELLIS also named Ms. Hisey's employer at the time on the website.

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **7** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

40. In mid-January Ms. Hisey was fired from her job.

41. On January 4, 2017 Ms. Hisey sought a protection order in the Clark County District Court, Case No. 17H000004.  The Court entered two (2) temporary orders of protection against KELLY ELLIS.  KELLY ELLIS was served with both orders of protection.  The Court entered a final Protection Order against KELLY ELLIS on February 15, 2017.  The Court also issued an oral finding that KELLY ELLIS had created the Infringing Site for the purpose of harming Ms. Hisey's reputation.  KELLY ELLIS was barred from contacting Ms. Hisey in any way, including third-party electronic contact.  See Exhibit A attached hereto and incorporated herein by reference.

42. After KELLY ELLIS was served with the first temporary order of protection, he stalked and investigated Ms. Hisey's background.  KELLY ELLIS found a misdemeanor charge on Ms. Hisey's record.  KELLY ELLIS then shifted his focus from Ms. Hisey's bankruptcy as a tool to control and extort Ms. Hisey, and harm her ability to practice law, and turned it to the misdemeanor charge.  KELLY ELLIS changed the title of the Infringing Website to: "Calli Hisey Attorney Arrested for Urinating/Defecating in Public."   KELLY ELLIS also changed the title of the www.bankruptreport.com website he created about Ms. Hisey to the same title.

43. The statement in the title of both websites is untrue, and it is offensive and derogatory (the "Defamatory Statement").

44. KELLY ELLIS intentionally posted the Defamatory Statement to harm Ms. Hisey's ability to practice law and maintain a reputation in the legal community, and to control and intimidate Ms. Hisey to extort her for profit.  KELLY ELLIS went on to update the website repeatedly and obsessively.  It was six (6) pages long as of the date this Complaint was filed.

45. During the interim, Ms. Hisey filed a report with the Better Business Bureau ("BBB") against KELLY ELLIS dba INNOVATIVE DATA SEARCH.  KELLY ELLIS was contacted by

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **8** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

the BBB and responded by sending Ms. Hisey more threatening emails, one consisting of the following statement: "nice complaint to the bbb.  If you believe that will HELP you get that removed, you are very ignorant.  We will never remove the website now.  You reaped what you have sewn right from your initial demand."  A separate email followed stating "[y]ou can count on a formal complaint to the State Bar of California in return."

46. Ms. Hisey also filed a police report against KELLY ELLIS for cyberstalking, and was contacted by authorities, but did not pursue criminal charges because KELLY ELLIS lives in a different state and she feared him.

47. On May 24, 2017 KELLY ELLIS filed a bar complaint with the WSBA against Ms. Hisey for alleged harassment.  The bar complaint contained more defamatory statements, this time published to the entity charged with granting Ms. Hisey the privilege to practice law.  KELLY ELLIS intentionally published libelous statements to the WSBA in attempt to get Ms. Hisey's license to practice law revoked, and control her into contacting him and paying him to take down the website.  The WSBA dismissed KELLY ELLIS' complaint without investigation.

48. The Infringing Site remained live and accessible at the time this Complaint was filed.

49. Defendant PRIVACY PROTECTION SERVICE INC d/b/a PrivacyProtect.org hosted the website cutestat.com when this Complaint was filed, wherein cutestat.com created a website based on the Defamatory statement which shows up in the top 10 search results for the Marks and the Defamatory Statement is the heading of the webpage.

50. The Infringing Site consists mostly of defamatory statements related to Ms. Hisey's candor and ethical ability to practice law.  The Defamatory Statement and Infringing Site content contain defamatory accusations directed at Ms. Hisey, that are demonstrably false in that they cite highly selective, cherry-picked snippets of the entire story, and then quote and discuss bits and

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **9** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

pieces of discrete facts that are presented out-of-context and combined with false comments and innuendos created by KELLY ELLIS. Those statements when considered as a whole, convey false messages to the readers by implying meanings that are actually untrue, all of which was done by KELLY ELLIS purposefully to convey the most damaging possible picture of Ms. Hisey. The statements are directed at Ms. Hisey because (i) a search of her name on any search engine leads users to the Infringing Doman Name, the Defamatory Statement, the Infringing Site and the defamatory content of the site; and (ii) the Defamatory Statement leads users to the Infringing Site and the [www.bankruptreport.com](www.bankruptreport.com) website with Ms. Hisey's 2014 bankruptcy and personal identification information.

51. Ms. Hisey's candor as an attorney conforms to the highest ethical standards required by the Rules of Professional Conduct; she has never had an instance of professional misconduct and has only been reported to the bar once, by KELLY ELLIS. Ms. Hisey has never been abusive, and threatening legal action is the nature of her profession as a litigating attorney. Ms. Hisey is not a menace to society committing lewd and offensive acts; she has maintained the highest standards of professionalism for herself as a professional, and the owner of her own law practice.

52. Ms. Hisey has made a written demand that KELLY ELLIS and INNOVATIVE DATA SEARCH cease from the acts complained of herein. KELLY ELLIS and INNOVATIVE DATA SEARCH have failed and refused to respond to this demand.

53. Ms. Hisey submitted a report of abuse to ENOM, LLC. ENOM, LLC responded that it "do[es] not have technical ability to remove or disable specific items of objectionable content… [w]e do not believe that we are the correct party to contact regarding this matter."

54. Ms. Hisey submitted multiple requests to GOOGLE INC. to remove the website from its search results. GOOGLE INC. refused each, and sent one refusal mocking Ms. Hisey's order

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **10** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

of protection, stating "[t]his does not appear to be a valid legal process."

55. Ms. Hisey submitted requests to YAHOO! INC. and MICROSOFT COPORATION to remove the website from each search engine's results.  MICROSOFT CORPORATION responded with refusal, and YAHOO! INC. never responded.

56. Ms. Hisey hired and paid several professionals in desperation to have the website removed from the Internet.  The website remained live and showed up in search results on google.com, yahoo.com and bing.com for the Marks as of the date this complaint is filed.

57. Plaintiffs have been contacted on multiple occasions by family members, friends, colleagues, peers and clients regarding the Infringing Domain and Infringing Site.

58. Ms. Hisey went through a period of severe depression, she has been fired by clients and fired from her job, she has been questioned repeatedly about the website by clients and peers and she has lost personal and professional relationships as a result of KELLY ELLIS' actions, and the actions of all other defendants named in this lawsuit.  Ms. Hisey stopped withdrew from her social life and from her professional involvement within the legal community within the community due to the shame she felt because of Defendants', and each one of them, actions.

59. Ms. Hisey has suffered both statutory damages, damages to be proven at trial and is entitled to punitive damages allowed by statute based on KELLY ELLIS' misconduct.  Ms. Hisey is also entitled to attorney's fees and costs for bringing this action.

60. Defendants' actions as alleged herein were undertaken willfully, maliciously, and in reckless disregard of Ms. Hisey's rights.

61. Defendants' actions alleged herein were undertaken with failure to use reasonable care, causing Ms. Hisey to suffer severe emotional distress.

## IV.   FIRST CLAIM FOR RELIEF
## ANTI-CYBERSQUATTING PROTECTION ACT (15 U.S.C. § 1125(d))

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **11** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



*(Against Defendants KELLY ELLIS, INNOVATIVE DATA SEARCH and DOES 1-10)*

62. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 61.

63. KELLY ELLIS registered the Infringing Doman Name with bad faith with the intent of profiting therefrom.

64. Ms. Hisey and CHLO's (hereinafter "Plaintiffs") Marks were inherently distinctive, and or had acquired distinctiveness, at the time of the registration by KELLY ELLIS of the Infringing Domain Name.

65. The Infringing Domain Names consist of Ms. Hisey's Mark (name) followed by the .com suffix.

66. Plaintiffs have suffered and will suffer irreparable injury from KELLY ELLIS' actual and intended misuse of the Infringing Domain Name.  Pursuant to the ACPA, 15 USC § 1125(d)(1)(C), the registration for the domain name for the Infringing Site should be forfeited by KELLY ELLIS, and Plaintiffs should be awarded actual or statutory damages, together with attorney's fees and costs pursuant to 15 U.S.C. § 1117, plus prejudgment interest.

## V.   SECOND CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1125)
*(Against All Defendants and DOES 1-10)*

67. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 66.

68. Defendants' actual and intended misuse of the Marks for the domain name of the Infringing Site constitutes the use of a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69. Defendants' misuse of the Marks is likely to cause confusion as to the origin,

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **12** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

sponsorship and approval of the Infringing Site.

70. KELLY ELLIS' representation that the website was created and authored by Ms. Hisey is likely to cause confusion as to the origin, sponsorship and approval of the Infringing Site.

71. Plaintiffs have suffered and will suffer irreparable injury from Defendants' actual and intended misuse of the Marks.  Pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendants should be preliminarily and permanently enjoined from using the Marks, and Plaintiffs should be awarded attorney's fees and costs pursuant to 15 U.S.C. § 1117, plus prejudgment interest.

## VI.   THIRD CLAIM FOR RELIEF
### DEFAMATION PER SE
*(Against All Defendants and DOES 1-10)*

72. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 71.

73. KELLY ELLIS published certain statements on the internet.

74. Defendants GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION published KELLY ELLIS' statements on the internet.

75. KELLY ELLIS' statements were published to those other than Plaintiffs, and in fact anyone in the public at large using the internet was, and still is, able to discover and read them.

76. KELLY ELLIS' statements can reasonably be understood to be of and concerning Plaintiffs, and in fact they specifically identify Plaintiffs by name, DOB, last four (4) of SSN, and address, and thus leave no doubt that the statements are about Plaintiffs and no one else.  The heading of the Infringing Site and the www.bankruptreport.com website specifically identify Ms. Hisey individually by name.

77. KELLY ELLIS' statements tend to harm the reputation and image of Plaintiffs on their

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **13** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

face (i.e. they constitute libel *per se*), in that they impute criminal conduct and financial irresponsibility, and make allegations injurious to Plaintiffs' trade, business and profession. KELLY ELLIS' statements tend to lower Plaintiffs in the esteem of peers, caused her to be shunned by clients, peers and friends, and to expose her to ridicule and contempt.

78. KELLY ELLIS' statements are demonstrably false, they are incorrect factual statements and incapable of being conclusively established with evidence to be either true or untrue.

79. KELLY ELLIS' statements are demonstrably false, in that they purposefully state only bits and pieces of discrete facts that may or may not have been correct in and of themselves, but such facts were presented out of context and combined with false comments and innuendos of KELLY ELLIS' own fabrication that, when considered as a whole, convey false meanings to the readers by implying meanings that are actually untrue.

80. KELLY ELLIS' statements are not privileged, and are not opinions.

81. At the time KELLY ELLIS published the statements, Defendants knew the statements were false or had reckless disregard for their falsity, and therefore acted with actual malice.  In fact, KELLY ELLIS has admitted that he is acting with actual malice by identifying his intent (through email and online postings) to do harm and injure Plaintiffs' reputation in business, trade and profession in the eyes of peers, clients and friends, under the fabricated pretense of "informing" clients of Plaintiffs' conduct in the practice of law.

82. Defendants' publication of false and defamatory statements did, in fact, directly and proximately harm Plaintiffs' business, trade, profession and occupation; cause shame, mortification and hurt feels, resulting in severe emotional distress; and cause other harm to Plaintiffs' reputation in addition to those implied and assumed by law.   KELLY ELLIS'

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **14** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

1

publication also caused Ms. Hisey to lose her job.

2

83. On multiple separate occasions, Ms. Hisey made retraction demands upon Defendants,

3

but Defendants refused to comply.

4

84. As a direct and proximate consequence of such defamation *per se* alleged in this Cause

5

of Action, Plaintiffs have been generally, specially and consequentially damaged in an amount to

6

be established at trial.

7

85. Defendants' actions were committed willfully and intentionally and by means of

8

9

oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are

10

entitled to an award of exemplary or punitive damages in an amount to be established at trial to

11

meaningfully punish Defendants, and to thereby deter similar conduct by them in the future.

12

Punitive damages are especially appropriate in this case because of KELLY ELLIS and

13

INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and

14

GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing

15

KELLY ELLIS' statements.

16

86. Defendants' defamation *per se* alleged herein, unless enjoined by a preliminary

17

injunction order and a permanent injunction judgment of this Court, will continue to cause great

18

19

and irreparable injury to Plaintiffs. As alleged herein, Plaintiffs have no adequate remedy at law

20

for injuries that are currently being suffered and are threatened to be suffered from Defendants'

21

defamation *per se*.

22

### VII.   FOURTH CLAIM FOR RELIEF
### DEFAMATION (TRADE LIBEL)
### *(Against All Defendants and DOES 1-10)*

23

24

87. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1

25

through 86.

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **15** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

88. Plaintiffs' ethics, integrity and competence are her stock in trade that reflects upon the quality of her services in her business and profession, and as such are legally protectable interests that are subject to trade libel.

89. Within one year of the filing of the herein action, Defendants have disparaged the quality of Plaintiffs' service by publishing statements on the internet to impugn and besmirch Plaintiffs' ethics, integrity and competence. Indeed, when Ms. Hisey attempted to mitigate and minimize the damage caused by KELLY ELLIS' postings and obtained a protection order, KELLY ELLIS immediately responding by stalking and investigating Ms. Hisey's past and obsessively updating the Infringing Site, and GOOGLE INC. mocked Ms. Hisey's protection order, further defaming Plaintiffs, and ridiculing her attempt(s) to defend herself.

90. The statements are demonstrably false, wherein are incorrect factual statements and incapable of being conclusively established with evidence to be either true or untrue.

91. Such statements were demonstrably false, in that they purposefully stated only bits and pieces of discrete facts that may or may not have been correct in and of themselves, but such facts were presented out of contexts and combined with false comments and innuendos of KELLY ELLIS' own fabrication that, when considered as a whole, conveyed false meanings to the readers by implying meanings that are actually untrue.

92. Such statements were not privileged, and are not opinions.

93. At the time Defendants' published them, Defendants knew the statements were false or had reckless disregard for their falsity, and therefore acted with actual malice. In fact, KELLY ELLIS has admitted that he is acting with actual malice by identifying his intent (by and through the online postings) to do harm and injure Plaintiffs' business, trade and profession, under the fabricated pretense of "informing" clients (i.e., potential future clients) of Plaintiffs' conduct in

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

the practice of law.

94. As a direct and proximate result of Defendants' trade libel, Plaintiffs will have suffered specific pecuniary damages and financial loss, including, but not limited to, the following: (i) loss of current and future revenues from customers; (ii) remediation measures to rehabilitate the public's impressions of her ethics, integrity and competence in relevant markets; and (iii) other costs of litigation spent and to be spent to seek legal remedies for aforesaid trade libel.

95. On multiple separate occasions, Ms. Hisey made retraction demands upon KELLY ELLIS, but KELLY ELLIS refused to substantially comply, or instead merely revised their original post, wherein the revisions remain defamatory.

96. On multiple separate occasions, Ms. Hisey made retraction demands upon GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION, but GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION refused to remove the defamatory websites from search indexes.

97. As a direct and proximate consequence of the trade libel alleged in this Cause of Action, Plaintiffs have been generally, specially and consequentially damaged in an amount to be established according to evidence.

98. Defendants' actions were committed willfully and intentionally and by means of oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **17** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

KELLY ELLIS' statements.

99. Defendants' trade libel alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Court, will continue to cause great and irreparable injury to Plaintiffs. As mentioned herein, Plaintiffs have no adequate remedy at law for injuries that she is currently suffering and are threatened to be suffered from Defendants' trade libel.

### VIII.    FIFTH CLAIM FOR RELIEF
#### INVASION OF PRIVACY (FALSE LIGHT)
*(Against All Defendants and DOES 1-10)*

100.    Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 99.

101.    As alleged hereinabove, within one year of the filing of the herein action, Defendants posted certain representations on the internet.

102.    Such representations can reasonably be understood to be of and concerning Plaintiffs, and in fact they specifically identify Ms. Hisey by her name, date-of-birth, last four (4) digits of her SSN, address, and company name and thus leave no doubt that the representations were about Plaintiffs and no one else. The heading of the website containing the representations specifically identifies Ms. Hisey individually by name.

103.    Such representations are false, wherein are incorrect factual statements and incapable of being conclusively established with evidence to be either true or untrue.

104.    Such representations are false in the sense that they stated bits and pieces of discrete facts that may or may not have been correct, in and of themselves, but such facts were presented out of contexts and combined with false comments and innuendos of KELLY ELLIS' own fabrication that, when considered as a whole, convey false meanings to the readers by implying

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **18** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

meanings that are actually untrue, thereby placing Plaintiffs in false light.

105.    Such representations are not only embarrassing and highly offensive to Plaintiffs (especially since they relate to her business and professional reputation), but will also be embarrassing and highly offensive to a reasonable person of ordinary sensibilities.

106.    Defendants made such representations with actual malice to harm and injure Plaintiff by embarrassing and offending her, and with full knowledge off, or reckless disregard of, the falsity of the meanings that the misleading representations will imply.

107.    Such representations were openly and publicly disclosed by their publications on the internet, such that anyone in the public at large will be able to discover them.

108.    As a direct and proximate consequence of Defendants's false light invasion of privacy alleged in this Cause of Action, Plaintiff has been generally, specially and consequentially damaged in an amount to be established according to evidence.

109.    Defendants' actions were committed willfully and intentionally and by means of oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing KELLY ELLIS' statements.

110.    Defendants' false light invasion of privacy alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Court, will continue to cause great and irreparable injury to Plaintiff. As stated herein, Plaintiff has no adequate remedy

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **19** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

at law for injuries that she is currently suffering and are threatened to be suffered from Defendants' false light invasion of privacy.

### IX.   SIXTH CLAIM FOR RELIEF
### INVASION OF PRIVACY (PUBLIC DISCLOSURE OF PRIVATE FACTS)
*(Against All Defendants and DOES 1-10)*

111.    Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 110.

112.    As alleged hereinabove, within one year of the filing of the herein action, Defendants posted numerous statements specifically concerning Plaintiffs on the internet via the Infringing Domain and Infringing Site.

113.    Defendants gave publicity to such facts with their public disclosures on the internet, such that anyone in the public at large will be able to discover them.

114.    Such publicly disclosed facts were private facts, in that they were intimate details of Plaintiff's private life that are not generally known, as to which Plaintiff attached the highest privacy interests. Such private facts either have never been publicly disclosed, or to the extent that discrete bits and pieces of facts may have been from public records, they were "false" in that they were presented out of context and combined with false comments and innuendos of KELLY ELLIS' own fabrication that, when considered as a whole, conveyed false meanings to the readers by implying meanings that are actually false.

115.    Such private facts and their public disclosures were not only highly offensive to Plaintiff, but a reasonable person of ordinary sensibilities will also find them highly offensive.

116.    Such private facts were not a matter of legitimate public concern, and thus not newsworthy. Even though Plaintiff values her reputation and image, she is not a prominent public figure or celebrity, and the facts in and of themselves are not novel, unusual, entertaining or useful

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **20** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



topics to the vast majority of the general public at large.

117.   Defendants published such private facts "with reckless disregard for the fact that reasonable men would find the invasion highly offensive."

118.   As a direct and proximate consequence of the public disclosure of private facts alleged in this Cause of Action, Plaintiff has been generally, specially and consequentially damaged in an amount to be established according to evidence.

119.   Defendants' actions were committed willfully and intentionally and by means of oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing KELLY ELLIS' statements.

120.   Defendants' wrongful public disclosure of private facts alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Court, will continue to cause great and irreparable injury to Plaintiff. As stated herein, Plaintiff has no adequate remedy at law for injuries that she is currently suffering and are threatened to be suffered from Defendants' public disclosure of private facts.

## X.    SEVENTH CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY
*(Against All Defendants and DOES 1-10)*

121.   Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 120.

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. 21 of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

122.    Defendants have tortuously interfered with Plaintiffs' business expectancy with clients, by wrongful means, in that KELLY ELLIS unlawfully took and converted to his own use the Infringing Domain and created the Infringing Site, and GOOGLE INC., YAHOO! INC. AND MICROSOFT CORPORATION published KELLY ELLIS' statements, resulting in the loss of prospective and current clients, and loss of Ms. Hisey's job.

123.    Defendants have tortuously interfered with Plaintiffs' business expectancy with clients, by wrongful means, in that Defendants have caused peers and clients attempting to contact or hire Plaintiffs to be directed to the Infringing Domain and Infringing Site resulting in the loss of potential and current clients, and loss of Ms. Hisey' job.

124.    At all relevant times, Defendants were aware of Plaintiffs' existing and reasonably-expected relationships with existing and reasonably-expected third-party clients for Plaintiffs' company, wherein these relationships were likely to provide future economic benefits to Plaintiffs.

125.    Defendants knew of the existence of that business relationship and expectancy.

126.    Defendants intentionally caused the termination of business relationships because Plaintiffs were fired from her job, fired by clients and potential clients have not hired Plaintiffs due to Defendants' intentional actions.

127.    Defendants interfered with Plaintiffs' business expectancy for an improper purpose and by improper means in that the Infringing Domain and Infringing Site were created and published to harm Plaintiffs' ability to practice law and maintain a reputation in the community.

128.    As a direct and proximate result of Defendants' intentional and wrongful interference with Plaintiffs' economic relations, Plaintiffs have been damaged in an amount to be proven at trial, plus prejudgment interest and fees and costs.

129.    Defendants' actions were committed willfully and intentionally and by means of

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **22** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights. Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing KELLY ELLIS' statements.

### XI.    EIGHTH CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE WITH CONTRACT
*(Against All Defendants and DOES 1-10)*

130.    Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 129.

131.    At all relevant times, Plaintiffs had a business contract with her employer and with current clients to perform legal services.

132.    Defendants knew of the existence of those business contracts.

133.    Defendants intentionally caused the termination of business contracts because Plaintiff was fired from her job and fired by clients due to Defendants intentional actions.

134.    Defendants interfered with Plaintiffs' business contracts for an improper purpose and by improper means in that the Infringing Domain and Infringing Site were created and published to harm Plaintiffs' career.

135.    As a direct and proximate result of Defendants intentional and wrongful interference with Plaintiffs' economic relations and business contracts, Plaintiffs have been damaged in an amount to be proven at trial, plus prejudgment interest and fees and costs.

136.    Defendants' actions were committed willfully and intentionally and by means of

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. 23 of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing KELLY ELLIS' statements.

## XII.    NINETH CLAIM FOR RELIEF
### VIOLATION OF WASHINGTON PERSONALITY RIGHTS ACT (WRPA)
#### (Wash. Rev. Code Ann. § 63.60)
#### *(Against All Defendants and DOES 1-10)*

137.    Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 136.

138.    Defendants used Plaintiffs' name, identity and contact information without Plaintiffs' consent when KELLY ELLIS purchased the Infringing Domain and created the Infringing Site and all Defendants posted defamatory content about Plaintiffs to the internet.

139.    Plaintiffs are engaged in commerce in this State for the purposes of advertising and providing legal services to the public.

140.    Defendants were not authorized by express, oral or implied consent to use Plaintiffs name and business name.

141.    Defendant' actions of using Plaintiffs' name, identity and contact information without consent resulted in Plaintiffs losing credibility in the eyes of Plaintiffs' clients (potential and current) and colleagues, which has affected Plaintiffs' ability to conduct business.

142.    No statutory exemptions apply pursuant to RCW 63.60.070.

143.    The privacy interests of Plaintiffs outweigh any public interest that may be served

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **24** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

by Defendants use of Plaintiffs' name, identity and contact information.

144.    Plaintiffs' reputation has been harmed by this conduct.

145.    Plaintiffs must now re-establish relationships with clients and peers in the community, including sitting judges and commissioners, that had viewed the Infringing Site and defamatory content.

146.    As a direct and proximate result of Defendants' unauthorized use of Plaintiffs' name and business name, Plaintiffs have been damaged in an amount to be proven at trial, plus prejudgment interest and fees and costs, along with statutory damages.

147.    Defendants' actions were committed willfully and intentionally and by means of oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing KELLY ELLIS' statements.

148.    Defendants' unauthorized use of Plaintiffs' name and business name alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Court, will continue to cause great and irreparable injury to Plaintiffs. As alleged herein, Plaintiffs have no adequate remedy at law for injuries that are currently being suffered and are threatened to be suffered from Defendants' unauthorized use of Plaintiffs' name and business name.

### XIII.    TENTH CLAIM FOR RELIEF
**INTENTIONAL INFLICTION OF EMOTIONAL OUTRAGE**
*(Against All Defendants and DOES 1-10)*

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



149.    Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 148.

150.    Defendants engaged in extreme and outrageous conduct by intentionally obtaining the Infringing Domain, creating the Infringing Site, publishing defamatory statements, reporting Plaintiffs to the WSBA and all other conduct alleged herein with the intention of causing emotional harm to Plaintiff.

151.    Defendants' extreme and outrageous conduct alleged in this Complaint, including, but not limited to, harassment, defamation, invasion of privacy and interference with prospective economic advantage, right to privacy, right to publicity were intentionally and recklessly committed with intent to deliberately inflict humiliation, mental anguish, and emotional and physical distress upon Plaintiff, and done in wanton and reckless disregard of such consequences to Plaintiff.

152.    As a direct and proximate result of said extreme and outrageous conduct by Defendants, and each of them, Plaintiff did, in fact, suffer from humiliation, mental anguish, and emotional and physical distress, and has been hurt and injured in her health, strength and activity, sustaining injury to her nervous system and person, all of which have caused, continue to cause, and will continue to cause Plaintiff great mental, physical, and nervous pain and suffering.

153.    As a result of such severe emotional distress, Plaintiff has been generally, specially and consequentially damaged in an amount to be established according to evidence.

154.    Defendants' actions were committed willfully and intentionally and by means of oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future.

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **26** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing KELLY ELLIS' statements.

## XIV.   ELEVENTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(Against All Defendants, and DOES 1-10)*

155.    Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 154.

156.    Defendants, at all relevant times, owed Plaintiff various duties of care, including, but not limited to, that reasonably necessary avoid inflicting humiliation, mental anguish, and emotional and physical distress upon Plaintiff. Defendants knew, or should have known, that their failure to exercise such due care would cause Plaintiff to suffer from humiliation, mental anguish, and emotional and physical distress.

157.    At all relevant times, Defendants were aware or should reasonably have been aware that if they did not act with due care, their acts and omissions would interfere with or disrupt said prospective economic advantages. Therefore, Defendants owed Plaintiffs duties to act with such care.

158.    Defendants were negligent, in that in committing the wrongful acts alleged in this Complaint, including, but not limited to, the alleged harassment, extortion, defamation, invasion of privacy, and infliction of emotional distress, Defendants failed to exercise due care to avoid engaging in acts and omissions that actually interfered with or disrupted such prospective economic advantages.

159.    Defendants breached their duties of care to Plaintiff by committing the extreme and

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **27** of **31**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

outrageous acts and omissions alleged in this Compliant, including, but not limited to, harassment, defamation, invasion of privacy, interference with prospective economic advantage, right to publicity and did so with reckless disregard for the probability of causing emotional distress to Plaintiff.

160.    As a direct and proximate result of such breaches constituting negligence, Plaintiff did, in fact, suffer from humiliation, mental anguish, and emotional and physical distress, and has been hurt and injured in her health, strength and activity, sustaining injury to her nervous system and person, all of which have caused, continue to cause and will continue to cause Plaintiff great mental, physical, and nervous pain and suffering.

161.    As a result of such Defendants' negligence, Plaintiffs have been generally, specially and consequentially damaged in an amount to be established according to evidence.

162.    Defendants' actions were committed willfully and intentionally and by means of oppression, fraud and actual malice and in conscious disregard of Plaintiff's rights.  Plaintiffs are entitled to an award of exemplary or punitive damages in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of KELLY ELLIS and INNOVATIVE DATA SEARCH's past pattern of oppressive and harassing conduct and GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION's history of publishing KELLY ELLIS' statements.

### XV.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendants and for relief as follows:

1.  For a preliminary and permanent injunction enjoining KELLY ELLIS and INNOVATIVE DATA SEARCH, their agents, servants, employees, successors, assigns and all others in

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES
p. **28** of **31**
CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



concert or privity with them from using Ms. Hisey's Marks in any way, for any purpose;

2. For a preliminary and permanent injunction enjoining GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION from allowing the Infringing Site and any unauthorized use of Plaintiffs' Marks or any defamatory information about Plaintiffs to show up in search results for a search of any of Plaintiffs Marks;

3. For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, successors, assigns and all others in concert or privity with them from infringing Plaintiffs' trademarks, and from reproducing, importing, publishing, displaying, distributing, transmitting, selling, or otherwise placing on the market Defendants' Infringing Material and, thus, using Plaintiffs' trademarks without authorization;

4. For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, successors, assigns and all others in concert or privity with them from making or publishing defamatory statements about the Plaintiffs;

5. For an Order requiring Defendants, and the other, as yet, unknown Defendants remove the false and defamatory statements regarding Plaintiffs published by Defendants KELLY ELLIS and INNOVATIVE DATA SEARCH, and the other, as yet, unknown Defendants from the Internet;

6. For an order of injunction stopping the Defendants from using a website with the address http://www.callihisey.com, and for an order directing Defendant KELLY ELLIS to transfer to Ms. Hisey the domain name registration for http://www.callihisey.com;

7. For an Order requiring Defendants KELLY ELLIS and INNOVATIVE DATA SEARCH, and the other, as yet, unknown Defendants post a retraction of all of the false and defamatory statements regarding Plaintiffs published by Defendant KELLY ELLIS and INNOVATIVE DATA SEARCH, and the other, as yet, unknown Defendant, as well as a written apology to be published on each of the Internet sites where the defamatory statements were published;

8. For the actual and consequential damages that Plaintiffs have sustained as a result of Defendants' conduct, in an amount to be proven at trial but in excess of $75,000, and/or for statutory damages in the maximum amount allowed by law.

9. For special damages arising from the loss of business and business opportunities, according to proof at trial.

10. For punitive damages against all defendants in an amount necessary to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future;

11. For a judgment upon the Complaint;

12. For leave to amend this Complaint, including by adding parties and claims and by

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **29** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



amending this prayer for damages, and otherwise, as the facts and circumstances may warrant from time to time;

13. For Plaintiffs' reasonable attorney's fees and costs incurred in bringing this action;

14. For prejudgment interest;

15. For trial by jury of all issues so triable; and

16. For such other and further relief as the Court may deem just and proper.

Dated, this _____ day of July, 2017.

_____
CALLI L. HISEY

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. 30 of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

a

## VERIFICATION OF COMPLAINT

I, CALLI L. HISEY, declare:

I am the Plaintiff in this action, and I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on July _____, 2017, at Vancouver, Clark County, Washington.

I declare (or certify) under penalty of perjury that the foregoing is true and correct.

_____
CALLI L. HISEY

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY
RELIEFS AND DAMAGES

p. **31** of 31

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

**DISTRICT COURT OF WASHINGTON**
**FOR THE COUNTY OF CLARK**

No. 17H000004

**ORDER FOR PROTECTION - HARASSMENT**
**(ORAH)**

Calli Lynn Hisey

Petitioner (person protected),                    (DOB)

vs.

Kelly Jo Ellis

Clark County District Court
1200 Franklin Street; Vancouver, WA 98660

Telephone Number: (360) 397-2424

Respondent (person restrained).          (DOB)

(Clerk's action required)

---

**Warning to the Respondent**: Violation of the provisions of this order with actual notice of its terms is a criminal offense under chapter 10.14 RCW and will subject a violator to arrest. Willful disobedience of the terms of this order may also be contempt of court and subject you to penalties under chapter 7.21 RCW.

1. Full Faith and Credit: The court has jurisdiction over the parties, the minors and the subject matter. This order is issued in accordance with the Full Faith and Credit provisions of VAWA. 18 U.S.C. § 2265.

2. Notice of this hearing was served on the respondent by ☒ personal service ☐ service by publication pursuant to court order ☐ other_____.

3. Minors addressed in this order:

| Name (First, Middle Initial, Last) | Age | Race | Sex |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

# EXHIBIT A

Based upon the petition, testimony, and case record, the court finds that the respondent committed unlawful harassment, as defined in RCW 10.14.080, and was not acting pursuant to any statutory authority, and **it is therefore ordered that**:

1) ☒ Respondent is **restrained** from making any attempts to contact petitioner and any minors named in the table above.

2) ☒ Respondent is **restrained** from making any attempts to keep under surveillance petitioner and any minors named in the table above.

3) ☒ Respondent is **restrained** from entering or being within _____300_____ (feet) of petitioner's ☒ residence ☒ place of employment ☐ other:

☒ The address is confidential ☐ Petitioner waives confidentiality of the address which is:

4) ☒ Other: No contact includes electronic contact directed by Respondent to Petitioner as well as any third-party contact.

5) ☐ Judgment is granted against respondent in favor of _____ in the amount of $ _____ for costs incurred in bringing the action and $ _____ for attorneys fees.

**Notice: Petitioner, you must fill out and file a completed form WPF UH 04.0700, Judgment Summary**.

The court is granted judgment against the respondent in the amount of $_____ for administrative court costs and service fees. A Judgment Summary, form WPF UH 04.0700, must be completed and filed.

---

**Surrender of Weapons**

☐ Respondent is **required** to surrender any firearm or other dangerous weapon, or any concealed pistol license to _____, by (date) _____.
Respondent is **prohibited** from obtaining or possessing a firearm or other dangerous weapon, or a concealed pistol license.

☐ See separate Surrender of Weapons order.

---

**It is further ordered** that the clerk of court shall forward a copy of this order on or before the next judicial day to:

☒ _____Clark_____ County Sheriff's Office
☐ _____ Police Department, **where**
**petitioner lives** and shall enter it in a computer-based criminal intelligence system available in this state used by law enforcement to list outstanding warrants.

☐ The clerk of court ☐ petitioner shall forward a copy of this order on or before the next judicial day to:

☐ _____ County Sheriff's Office,
☐ _____ Police Department, **where**
**respondent lives** which shall personally serve the respondent with a copy of this order and shall promptly complete and return to this court proof of service.

**Or** ☒ Petitioner has made private arrangements for service of this order.
**Or** ☐ Respondent appeared; further service is not required.

**Or** ☐ Respondent did not appear. The restraint provisions in this order are the same as those in the temporary order. The court is satisfied that the respondent was personally served with the temporary order. Further service is not required.

**This Antiharassment protection order expires on** _____2/15/18_____.
If the duration of this order exceeds one year, the court finds that respondent is likely to resume unlawful harassment of the petitioner when the order expires.

**Dated** at _2/15/17_  _9:28_ **a.m./p.m.**

_____
~~Judge/Court Commissioner~~

Presented by:

_____
Petitioner/Petitioner's lawyer          Date

I acknowledge receipt of a copy of this Order:

_____Not pres_____
Respondent                    Date

_____
Print Name          WSBA No.

_____
Print Name          WSBA No.

**Petitioner or Petitioner's Lawyer must complete a Law Enforcement Information Sheet (LEIS).**

**DISTRICT COURT OF WASHINGTON
FOR THE COUNTY OF CLARK**

NO. 17 H 000004

**REISSUANCE OF TEMPORARY
ORDER FOR PROTECTION AND
NOTICE OF HEARING**

Calli Lynn Hisey

Petitioner

vs. Kelly Jo Ellis

Respondent

(HARASSMENT) (ORRTPO)
(Clerk's Action Required)

☒ The Temporary Order for Protection issued on __1/25/17__, is hereby extended
through the new court hearing date on this matter on __2/15/17__ (date), at __9:00__ am/pm at:

    Clark County District Court, 1200 Franklin Street, Second Floor, Vancouver WA 98660

☐ Other: _____

It is ordered that the clerk of the court forward a copy of this order on or before the next judicial day to
☒ **Clark County Sheriff's Office** where petitioner lives which shall enter it in a computer-based
criminal intelligence system available in this state used by law enforcement to list outstanding warrants.

*set over to provide proof of service**Service of Order:**

☐ Respondent <u>appeared</u> and was informed of the order by the court; <u>further service is not required</u>.

☐ Petitioner shall make arrangements for personal service of this order by third party.

☐ Petitioner shall serve this order by  ☐ mail  ☐ certified mail / return receipt  ☐ publication.

DATED __2/8/17__ at __9:18__ a.m./p.m.

           JUDGE/COURT COMMISSIONER

Presented by:

I acknowledge receipt of a copy of this Order.

_Not pres_

_____  __2/8/17__        _____  _____
Petitioner                        Date              Respondent                Date

REISS OF TEMP ORD FOR PROTECTION/NT HRG (HARASSMENT) (ORRTPO)- Page 1 of 1
UH-03.0300 (9/2000) - RCW 10.14.080 (3), (5)
H:\FORMS\Antiharassment\Order Reissuance of Harassment.doc

**DISTRICT COURT OF WASHINGTON**
**FOR THE COUNTY OF CLARK**

No. 17H 000004

Calli Lynn Hisey

Petitioner (person protected),           (DOB)

vs.

Kelly Jo Ellis

Respondent (person restrained).           (DOB)

**TEMPORARY PROTECTION ORDER AND**
**NOTICE OF HEARING - HARASSMENT**
**(TMORAH)**

(Clerk's action required)

**Next Hearing:** Feb. 8, 2017
9:00 a.m.

Courthouse, 1200 Franklin St Vancouver WA 98660

---

**Warning to the Respondent:** Violation of the provisions of this order with actual notice of its terms is a criminal offense under chapter 10.14 RCW <u>and will subject a violator to arrest</u>. Willful disobedience of the terms of this order may also be contempt of court and subject you to penalties under chapter 7.21 RCW.

Minors addressed in this order:

| Name (First, Middle Initial, Last) | Age | Race | Sex |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Based upon the petition, testimony, and case record, the court finds that the respondent committed unlawful harassment as defined in RCW 10.14.080, and **it is therefore ordered that:**

1) ☒ Respondent is **restrained** from making any attempts to contact petitioner and any minors named in the table on page one.

2) ☒ Respondent is **restrained** from making any attempts to keep under surveillance petitioner and any minors named in the table on page one.

Temp Protection Order/Nt of Hearing - Harassment (TMORAH) – Page 1 of 2
UH-03.0200 (01/2014) CR 65(b), - RCW 10.14.080 (1), (2)

DC 2412
Rev 02/2014

3) ☒ Respondent is **restrained** from entering or being within ___300___ (feet) of petitioner's ☒ residence ☒ place of employment ☐ other:

☒ The address is confidential ☐ Petitioner waives confidentiality of the address which is:

4) ☐ Other: No contact includes electronic contact directed by Respondent to Petitioner as well as any third-party contact.

### Surrender of Weapons

☐ Respondent is ordered to surrender any firearm or other dangerous weapon in respondent's possession or control to _____, by (date) _____.

☐ See the separate Surrender of Weapons order.

It is further ordered that the clerk of court shall forward a copy of this order on or before the next judicial day to: ☒ _____Clark_____ County Sheriff's Office

☐ _____ Police Department **where petitioner lives** which shall enter it in a computer-based criminal intelligence system available in this state used by law enforcement to list outstanding warrants.

☐ The clerk of court ☐ petitioner shall forward a copy of this order on or before the next judicial day to: ☐ _____ County Sheriff's Office ☐ _____ Police Department **where respondent lives** which shall personally serve the respondent with a copy of this order and shall promptly complete and return to this court proof of service.

Or ☒ Petitioner has made private arrangements for service of this order.

Or ☐ Respondent appeared; further service is not required.

The respondent is directed to appear and show cause why the court should not enter an order for protection effective for one year or more and order the relief requested by the petitioner or other relief the court deems proper, which may include payment of costs. **Failure to appear at the hearing or to otherwise respond will result in the court issuing an order for protection pursuant to Chapter 10.14 RCW effective for a minimum of one year from the date of the hearing. The next hearing date and time is shown below the caption on page one.**

**A copy of this Temporary Protection Order and Notice of Hearing has been filed with the clerk of the court.**

**This Temporary Order for Protection is effective until the next hearing date and time shown below the caption on page one.**

Dated __1/25/17__ at __9:20__ a.m./p.m.    _____
                                            **Judge/Court Commissioner**

Presented by:                               I acknowledge receipt of a copy of this Order:

_____               __Not pres__
Petitioner                Date              Respondent                Date

**Petitioner or Petitioner's Lawyer must complete a Law Enforcement Information Sheet (LEIS).**