1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

9

10   CALLI L. HISEY, an individual; and CALLI          No. 3:17-CV-05543-JRC
     HISEY LAW OFFICES PC, a Washington
11   corporation,

12                        Plaintiffs,
     vs.                                                PLAINTIFFS' MOTION FOR
13                                                      TEMPORARY RESTRAINING ORDER
     KELLY ELLIS, an individual; INNOVATIVE             AND PRELIMINARY INJUNCTION
14   DATA SEARCH LLC dba
     www.bankruptreport.com, a Delaware
15   corporation; ENOM, LLC, a Washington
     corporation; PRIVACY PROTECTION
16   SERVICE INC d/b/a PrivacyProtect.org;
     GOOGLE INC.; a Delaware corporation,
17   YAHOO! INC., a Delaware corporation;
     MICROSOFT CORPORATION, a Washington
18   corporation; and JANE DOES and JOHN
     DOES 1-10, inclusive,
19
20                        Defendants.

21   <u>**MOTION FOR TEMPORARY RESTRAINING ORDER**</u>
22   <u>**AND PRELIMINARY INJUNCTION**</u>

23          COMES NOW, Plaintiffs, CALLI L. HISEY and CALLI HISEY LAW OFFICES PC

24   (hereinafter "Plaintiffs"), and moves the Court pursuant to FRCP 65 for a Temporary Restraining

25   Order and Preliminary Injunction to prevent Defendants KELLY ELLIS, INNOVATIVE DATA

MOTION FOR TEMPORARY                p. **1** of 18        CALLI HISEY LAW OFFICES PC
RESTRAINING ORDER AND                                     1104 Main St., Suite 212
PRELIMINARY INJUNCTION                                    Vancouver, WA 98660
                                                          p: 360.695.0365
                                                          e: calli@callihiseylawoffices.com

SEARCH LLC dba www.bankruptreport.com, ENOM, LLC, PRIVACY PROTECTION SERVICE INC d/b/a PrivacyProtect.org, GOOGLE INC., YAHOO! INC., and MICROSOFT CORPORATION (hereinafter "Defendants") from further using Plaintiffs' name and likeness to publish, or facilitate publishing or providing a platform for the publishing of libelous, misleading, false information and personal identification information about Plaintiffs, and from further infringing on Plaintiffs' trademarks. Plaintiffs further move the Court for a Temporary Restraining Order and Preliminary Injunction to prevent Defendant KELLY ELLIS from further stalking and harassing Plaintiffs in contravention with Federal law.

This Motion is based on FRCP 65, the Memorandum attached hereto, the exhibits attached hereto, the pleadings on file herein and on any oral argument which may be allowed at the time of the hearing on this matter.

**NOTICE OF MOTION**

TO: KELLY ELLIS
TO: INNOVATIVE DATA SEARCH LLC dba www.bankruptreport.com
TO: ENOM, LLC
TO: PRIVACY PROTECTION SERVICE INC d/b/a PrivacyProtect.org
TO: GOOGLE INC.
TO: YAHOO! INC.
TO: MICROSOFT CORPORATION

PLEASE TAKE NOTICE that Plaintiffs' Motion for Temporary Restraining Order will come on for hearing before the above-entitled court on the 18th day of July, 2017 at

_____ a.m./p.m.

Dated, this _____ day of July, 2017.

_____
CALLI L. HISEY

MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

p. **2** of **18**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



I.      **FACTUAL BACKGROUND**

Plaintiffs filed a Verified Complaint against Defendants with the United States District Court for the Western District of Washington on November 17, 2017 alleging, among other things, several causes of action that rise to defamation of character, invasion of privacy, tortious interference with business, trademark infringement and illegal cybersquatting[1].  Plaintiffs Causes of Action are as follows:

1)  Cybersquatting (15 U.S.C. § 1125 (D))

2)  Trademark Infringement (15 U.S.C. § 1125)

3)  Defamation Per Se

4)  Defamation (Trade Libel)

5)  Invasion of Privacy (False Light)

6)  Invasion of Privacy (Public Disclosure Of Private Facts)

7)  Tortious Interference With Business Expectancy

8)  Tortious Interference With Contract

9)  Violation of Washington Personality Rights Act (Wash. Rev. Code Ann. § 63.60)

10) Intentional Infliction Of Emotional Outrage

11) Negligent Infliction Of Emotional Distress

Plaintiff CALLI L. HISEY (hereinafter "Ms. Hisey") is an attorney in Vancouver, Washington, and Plaintiff CALLI HISEY LAW OFFICES PC (hereinafter "CHLO") is Ms. Hisey's own law firm.  Defendant KELLY ELLIS is an opposing party, and is owner/operator of the website www.bankruptreport.com which amounts to an illegal extortion ring.  He also

---

[1] Plaintiffs' causes of action, facts and claims are spelled out in greater detail in Plaintiffs' Verified Complaint filed with the Court on July 17, 2017.

MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

purchased the URL www.callihisey.com and owns and administers that website.   All other defendants have facilitated and furthered KELLY ELLIS' extortion ring, and otherwise defamatory statements and outrageous behavior, and are included in this lawsuit based on their involvement and furthering of his illegal conduct.

Defendant KELLY ELLIS' modus operandi is to post embarrassing information about individuals and request money to take the information off the internet.   That is the purpose behind the website www.bankruptreport.com which is owned and operated by Defendant INNOVATIVE DATA SEARCH LLC, which is owned and operated by KELLY ELLIS.   KELLY ELLIS also actively purchases domain names in other individual's names, posts embarrassing information about them to the website and demands money to take the website down.   KELLY ELLIS' conduct is published and available to the public at large through www.google.com, www.yahoo.com, www.bing.com, www.cutestat.com, http://www.bankruptreport.com/articles/calli-hisey-attorney-arrested-for-public-urination-attacks-bankruptreport-com.html, http://minify.mobi/results/callihisey.com and other avenues not specifically addressed herein.   See Sealed Source Documents filed in this case on July 19, 2017 which are referenced and incorporated herein by reference.   Defendant ENOM registered the domain name using Ms. Hisey's name to KELLY ELLIS and hosts the website.   Ms. Hisey has made requests to all Defendants to remove the website and defamatory information.   All Defendants have refused.   Google Inc. ridiculed Ms. Hisey's requests for removal.

Ms. Hisey has never met Defendant KELLY ELLIS; he is a complete stranger who lives in a different state.   Nor has Ms. Hisey ever interacted with KELLY ELLIS in any sort of professional manner.   In fact, the only contact Ms. Hisey has ever had with KELLY ELLIS was surrounding the defamatory websites he created about her.   KELLY ELLIS' initial attempt to

MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

p. **4** of 18

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



extort Ms. Hisey was eventually replaced by an overwhelming obsession with Ms. Hisey and with the goal of ruining her career as an attorney.  KELLY ELLIS continually contacted Ms. Hisey via email, text message and phone calls even after Ms. Hisey asked him to stop.  Ms. Hisey obtained a protection order against KELLY ELLIS on February 15, 2017 for harassment.

KELLY ELLIS' obsession began when Ms. Hisey asked him to remove her name from his website www.bankruptreport.com, and he refused and attempted to extort her.  He began his extortion attempts by purchasing the Domain name: www.callihisey.com ("the website") from Defendant ENOM, LLC ("ENOM"), with the hopes of embarrassing Ms. Hisey to the point where she would pay him to remove the website.  KELLY ELLIS published defamatory and demeaning statements specifically directed at Ms. Hisey to that website from that point forward, and blasted her personal information (address, date of birth, last four of SSN etc.) on both websites.  See Sealed Source Documents.  He initially titled the website "Calli Hisey Abusive Threatening Attorney," and began the content representing he was Ms. Hisey in stating "I'm a licensed attorney with [Ms. Hisey's former employer]...."  KELLY ELLIS posted the name of Ms. Hisey's employer at the time to the website.  Ms. Hisey was fired from her job in Mid-January.  See petition for protection order submitted under Sealed Source Documents.

KELLY ELLIS did not stop there, and as of the date this motion is filed has updated the website constantly to the point where it is now six (6) pages long.  He has changed the title multiple times, each time referencing Ms. Hisey and her career as an attorney.  The website shows up first in search results on www.yahoo.com and www.bing.com, and fourth on search results on www.google.com.  See search results in Sealed Source Documents.  On May 24, 2017 KELLY ELLIS submitted a complaint to the WSBA alleging he is a victim of harassment, and publishing more defamatory statements.  See Sealed Source Documents.  KELLY ELLIS this time published

libelous statements to the entity granting Ms. Hisey the privilege to practice law in the state of Washington. He did so with the purpose of getting Ms. Hisey's law license revoked.

KELLY ELLIS refuses to leave Ms. Hisey alone, and allow her to pursue her profession as a legal professional. His actions are causing irreparable injury, she has been fired from her job, fired by clients, ridiculed in the community, lost friends and professional relationships, and has been humiliated in front of the tribunal. Ms. Hisey's career is being ruined by the acts of a complete stranger to her, KELLY ELLIS.

Due to several harassing and threatening emails from KELLY ELLIS, to which Ms. Hisey requested KELLY ELLIS stop contacting her, Ms. Hisey obtained a protection order against him on February 15, 2017. In response to the protection order, KELLY ELLIS, stalked and investigated Ms. Hisey and came across a misdemeanor charge from her past. KELLY ELLIS then changed the title of the website to "Calli Hisey Attorney Arrested for Urinating/Defecating in Public." That statement is not true and constitutes libel per se. KELLY ELLIS also changed the title of the website he initially created about Ms. Hisey on www.bankruptreport.com to mirror the title of the website. See Sealed Source Documents. Defendant PRIVACY PROTECTION CORPORATION, and other websites and administrators not otherwise named herein, copied KELLY ELLIS' initial posting and created a website of its own with KELLY ELLIS' initial title, and that website shows up in the top ten (10) search results for Ms. Hisey on www.google.com. See Sealed Source Documents.

Defendants GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION have furthered KELLY ELLIS' goal of ruining Ms. Hisey's career by indexing KELLY ELLIS' pages on its search results and refusing to remove the pages from its search index, despite the obvious defamatory nature of both pages and in complete disregard for Ms. Hisey's rights.

MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

p. 6 of 18

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

1
2
3
4
5
6
7
8
9

Due to the unique and original nature of Ms. Hisey's full name, Calli Lynn Hisey, she owns trademark rights to it. There is no other Calli Lynn Hisey in the world, and her name is now a representation of her career and used for advertising and marketing. The same is true for her law firm, Calli Hisey Law Offices PC. No other law firm with that name exists, and the firm has a trademark interest in its name. KELLY ELLIS is using both of Plaintiffs' trademarks without authorization or permission. And he is committing illegal cybersquatting by using Ms. Hisey's name followed by the .com suffix, initially with the goal of receiving payment to take the website down.

10
11
12
13
14
15

Despite Ms. Hisey's best efforts, Defendants, and each of them, have consistently and continually committed defamation and privacy violations, in addition to trademark infringement and cybersquatting and several other tortious acts arising therefrom against Plaintiffs through the use of the world wide web and by other means, including contacting the Washington State Bar Association ("WSBA"). See Plaintiffs' Verified Complaint filed July 17, 2017 for more detailed information regarding Defendants' conduct alleged herein.

16

## II.   LEGAL ARGUMENTS

17

### A.   LEGAL STANDARD FOR PRELIMINARY INJUNCTION

18
19
20
21
22
23

A preliminary injunction is available if an applicant can show a likelihood of success on the merits, a likelihood that the non-moving party's conduct, if allowed to continue, will cause irreparable harm for which a compensatory damage is an inadequate remedy, the balance of equities tips in their favor and that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

24

### B.   PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

25

**1.   Kelly Ellis' website using Ms. Hisey's name and the .com suffix constitutes**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



     **illegal cybersquatting.**

Cybersquatting is illegal under federal law.  15 U.S.C. § 1125 (d) provides as follows:

(1)

  (A) A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—

    (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

    (ii) registers, traffics in, or uses a domain name that—

      (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

      …

      (III) is a trademark, word, or name protected by reason of section 706 of title 18 or section 220506 of title 36.

In determining whether a person has a bad faith intent described under subparagraph (A), a court may consider the trademark rights of the person in the domain name, the extent the domain name consists of the legal name of the person, the person's prior use of the domain name in offering services, the person's intent to divert consumers from the mark owner's online location to a site under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark  etc.

Kelly Ellis registered the domain name using Ms. Hisey's legal name followed by the .com suffix with bad faith with the intent of profiting therefrom.  Ms. Hisey's name is distinctive and unique, and she has a trademark interest in her name.  Ms. Hisey uses her legal name to represent legal services she offers to the community, and Kelly Ellis' use of her name is with the intent of diverting consumers from Ms. Hisey's online location (vial search engines or direct website) to the website to to harm Ms. Hisey, and her firm's, goodwill.  KELLY ELLIS' actions violate 15

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



U.S.C. § 1125 (d), and constitute illegal cybersquatting.  Therefore, Plaintiffs are highly likely to succeed on the merits against Defendant Kelly Ellis.

 2. **Kelly Ellis' use of Plaintiffs' name and business name constitute Trademark Infringement**

 Federal law provides a civil action for false designations of origin and false descriptions (trademark infringement) under 15 U.S.C. § 1125.  A person is liable for trademark infringement under that statute if he used in commerce any name or any false designation of origin, false or misleading description or representation of fact which is likely to cause confusion or mistake, or to deceive as to origin or approval of the use.  15 U.S.C. § 1125(a)(1)(A).  A person is also liable if in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, 15 U.S.C. § 1125(a)(1)(B).

 Defendants' are actually and intentionally misusing Plaintiffs' legal name and identification in commerce, and are also misrepresenting the quality of Plaintiffs' services to the public.  Defendants' misuse of Plaintiffs' marks are likely to cause confusion as to the origin, sponsorship and approval of the websites, and Plaintiffs are suffering damages as a result.  Plaintiff KELLY ELLIS actually represented himself to be Ms. Hisey.

 Plaintiffs are entitled to injunctive relief under U.S.C. § 1125(a)(C)(1), which allows the owner of a known mark that is distinctive injunctive relief if the misuse is likely to tarnish the famous mark.  Defendants' misuse of Plaintiffs' marks are tarnishing their reputation in the community, and amongst friends and peers.  Therefore, based on U.S.C. § 1125, Plaintiffs are highly likely to succeed on the merits against Defendants.

/ / /

MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

p. **9** of 18

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

### 3. Kelly Ellis' Statements Constitute Defamation Per Se

In Washington, a statement constitutes defamation per se if the statement exposes someone to hatred, contempt, ridicule or obloquy, or injures him in his business, trade, profession or office. *Life Designs Ranch, Inc. v. Sommer*, 364 P.3d 129, 191 Wn.App. 320 (Wash.App Div. 3 2015). Defendants are committing defamation per se.

As explained above, Defendants are publishing statements about Plaintiffs, including that Ms. Hisey "defecated" in public, based on which Plaintiffs are receiving continued ridicule and contempt from friends, family, peer and colleagues. Moreover, Defendants are publishing statements regarding Ms. Hisey's past financial misfortune, again subjecting her to ridicule and contempt in the community. On this cause of action alone, Plaintiffs are likely to succeed on the merits. The first statement imputes the violation of a crime, as well as impedes both Plaintiffs' business. The second statement imputes financial irresponsibility, subjecting Ms. Hisey to ridicule and impeding both Plaintiffs' business. Plaintiffs are highly likely to succeed on the merits against Defendants on those bases.

### 4. Defendants Actions Constitute Invasion of Privacy

As discussed above, Defendants caused to be published personal and private information, depicting the name and likeness of Plaintiff Calli Hisey along with disparaging statements coinciding with that private information. In Washington, a person's right of privacy is violated "if disclosure of information about the person: (1) Would be highly offensive to a reasonable person; and (2) is not of legitimate concern to the public." RCW 42.56.050. Defendants' actions are highly offensive in that they reference lewd and inappropriate behavior, and any reasonable person would agree. Moreover, the information Defendants are publishing is not of legitimate public concern. Therefore, Plaintiffs are highly likely to succeed on the merits against Defendants for

MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

p. **10** of 18

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

invasion of privacy.

5.      **Defendants Google Inc., Yahoo! Inc., Microsoft Corporation, Enom Inc. and Privacy Protection Services Facilitated and Published all Alleged Statements**

With regard to all allegations related to torts committed against Plaintiffs over the internet, Defendants are facilitating, publishing and neglecting to mitigate the defamatory and harassing statements and comments Defendant KELLY ELLIS is publishing.  In addition, Defendants are failing to mitigate a serious privacy concern by removing personal identification information about Plaintiff Calli Hisey from search indexes.  As discussed, Plaintiffs are likely to succeed on the merits against the other Defendants, and, therefore, Plaintiffs are likely to succeed on the merits against Defendants Google Inc., Yahoo! Inc., Microsoft Corporation, Enom Inc. and Privacy Protection Services given that all alleged statements are being made available to the public at large by each of these Defendants.

6.      **Defendants' Actions Have Interfered with Plaintiffs' Existing Business and Business Expectancy**

In Washington, tortious interference with existing business contracts and expectancy requires a business contract with the probability of future economic benefit at the time the conduct at issue took place, and that the defendant knew of the contract/expectancy, intentionally caused the termination of the contract/expectancy and that conduct was the proximate cause of the damage.  Defendants are posting and facilitating the posting of a website defaming Plaintiffs and Ms. Hisey's former employer.  Ms. Hisey was employed at the time this conduct began, and each Defendant knew, or should have known about that contract.  Each Defendant should also have known that Ms. Hisey has a business expectancy in seeking and gaining clients from internet searches, and direct searches for her name.  KELLY ELLIS' conduct was intentional and for the purpose of extortion and ruining Plaintiffs' career; an improper purpose.  All other Defendants

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

intentionally refused to mitigate the damages Ms. Hisey was suffering, and Defendant GOOGLE INC. intentionally mocked Ms. Hisey's order of protection and refused to de-index on that basis. Defendants actions caused Ms. Hisey to actually lose her job.  Clients are also firing her due to the websites, and she is losing attorney referrals.  Therefore, Plaintiffs are highly likely to succeed on the merits against Defendants.

**7.   Defendants' Actions Violate the Washington Personality Rights Act**

Under the WPRA, RCW 63.60.010, every individual has a property right in the use of his or her name and likeness.  The WRPA applies to all individuals.  RCW 63.60.010.  Use for profit is not necessary, it need only be a use entered into commerce.  RCW 63.60.050.  Defendants are using Plaintiffs' name and likeness without Plaintiffs' consent and posting, or allowing the publishing, defamatory content associated with Plaintiffs' name and likeness to the internet, thus entering it into commerce.  As a result, Plaintiffs are losing credibility in the eyes of potential clients, current client and colleagues, which has is affecting Plaintiffs' ability to conduct business. The privacy interests of Plaintiffs outweigh any public interest that may be served by Defendants' use of Plaintiffs' name and likeness.  The Court has authority to grant injunctive relief under RCW 63.60.060 to prevent or restrain unauthorized use of the rights in an individual's name and likeness. Plaintiffs are highly likely to succeed on the merits against Defendants.

**8.   Defendants Actions Caused Ms. Hisey Severe Emotional Distress**

In Washington, a person has committed intentional infliction of emotional outrage if that person intentionally or recklessly cause emotional distress to another by extreme and outrageous conduct.  Defendants are engaging in extreme and outrageous conduct by intentionally obtaining, administering and maintaining the domain name www.callihisey.com, creating websites about Plaintiffs, publishing defamatory statements to the internet and websites, reporting Plaintiffs to the

MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

p. **12** of **18**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



WSBA, harassing and stalking Plaintiffs, ridiculing Plaintiffs attempts to defend herself and all other conduct alleged herein with the intention of causing emotional harm to Plaintiff.

Defendants' extreme and outrageous conduct is intentionally and recklessly committed with intent to deliberately inflict humiliation, mental anguish, and emotional and physical distress upon Plaintiff, and is being done with wanton and reckless disregard of such consequences to Plaintiff. Plaintiff is suffering from humiliation, mental anguish, and emotional and physical distress, and is experiencing great mental, physical, and nervous pain and suffering. Moreover, Defendants were negligent in breaching their duty of care to Plaintiffs by committing the acts complained of herein by ignoring Plaintiffs' requests to remove the defamatory information from the internet, and reproducing the defamatory information. For these reasons, Plaintiffs are highly likely to succeed on the merits against Defendants.

## C. PLAINTIFFS ARE BEING IRREPARABLY DAMAGED BY DEFENDANTS' ACTIONS

Defendants have, and upon information and belief, will continue to use Defendants' internet sites to publish false and defamatory statements about Plaintiffs. Plaintiff, who is an attorney in the State of Washington runs and operates a law firm in the State, also named a Plaintiff in this lawsuit. Much of Plaintiffs' business is dependent on the public's view of Plaintiffs' moral character, reliability, financial responsibility and reputation. Defendants' actions have already, and will likely continue to demean and diminish Plaintiffs' reputation in the legal community as well as with Plaintiffs' personal social community. Without the issuance of an injunction, Defendants will continue to have free reign to defame and diminish Plaintiff's reputation. Especially with the institution of the present lawsuit, Plaintiffs will continue to be irreparably harmed both personally and professionally. Therefore, the issuance of an injunction is proper.

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



1

2

3

**CONCLUSION**

Based on the Memorandum above, and the attached exhibits Plaintiffs have shown that they are entitled to a preliminary injunction preventing Defendants from further using Plaintiffs' name and likeness to publish, or facilitate the publishing and distribution of defamatory, libelous, misleading and false information about Plaintiffs and preventing Defendants from further stalking and harassing Plaintiffs.

Dated, this _____ day of July, 2017.

_____

CALLI L. HISEY

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

# AFFIDAVIT OF CALLI L. HISEY

STATE OF WASHINGTON    )
                              )    ss:

COUNTY OF CLARK         )

        CALLI L. HISEY, having been first duly sworn, deposes and says:

1. I filed a Complaint against Defendants with the Court on July 17, 2017 alleging, among other things, several causes of action that rise to defamation of character including: cybersquatting, trademark infringement, defamation per se, defamation (trade libel), invasion of privacy, tortious interference with business, violation of the Washington Personality Act, intentional infliction of emotional distress and negligent infliction of emotional distress.

2. I am an attorney and I own my own law practice, the second Plaintiff to this lawsuit, Calli Hisey Law Offices PC.

3. I do not know and have never met Defendant Kelly Ellis; he is a complete stranger to me. The only contact I have ever had with him has been requesting he remove websites he has created about me.

4. Nevertheless, Defendant Kelly Ellis has consistently and continually committed defamation and privacy violations in addition to several other purposeful tortious acts against me through the use of the world wide web and by other means.

5. I have a protection order against Defendant Kelly Ellis issued by the Clark County District Court, Case No. 17H000004 on February 15, 2017, and it is enforceable for one (1) year.

6. Defendant Kelly Ellis, through his company Defendant Innovative Data Search posted my information to his website www.bankruptreport.com and created a page about me.

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

Defendant Kelly Ellis was a complete stranger to me at that time.

7. On December 16, 2016 I emailed Defendant Innovative Data Search requesting it remove the webpage it created about me.  Defendant Kelly Ellis responded threatening me.

8. On or about December 20, 2016, Defendant Kelly Ellis purchased the domain name www.callihisey.com from Defendant ENOM, LLC and created a defamatory website about me containing libelous and demeaning statements specifically directed at me which he titled "Calli Hisey Abusive Threatening Attorney" and represented himself to be me and that the page was created by me.

9. After Defendant Kelly Ellis was served with my first temporary protection order he stalked me and investigated my background, and he found a misdemeanor charge I have on my record.

10. On or about January 25, 2017, Defendant Kelly Ellis changed the title of the website to "Calli Hisey Attorney Arrested for Urinating/Defecating In Public."

11. Defendant Kelly Ellis has updated the website repeatedly and it is six (6) pages long the day this motion is being filed.

12. Defendant Kelly Ellis has continually contacted me via email (through other companies he owns), via text and he called my personal cell phone, despite my requests for him to stop contacting me and the valid protection order I have against him.

13. All websites created about me by Defendant Kelly Ellis show up in my search results on www.google.com (4th result), www.yahoo.com (1st result) and www.bing.com (1st result).

14. Defendant Kelly Ellis filed a bar complaint against me on May 24, 2017 with libelous and defamatory statements about me, and the WSBA dismissed his complaint without investigation.

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



15. Defendant ENOM, LLC sold the domain name www.callihisey.com to Defendant Kelly Ellis and administers the domain name.

16. Defendants GOOGLE INC., YAHOO! INC. and MICROSOFT CORPORATION have indexed all defamatory websites created by me and have refused to remove the websites from their search engines.  GOOGLE INC. once ridiculed my protection order in a response stating "this does not appear to be a valid legal process."

17. Defendant PRIVACY PROTECTION CORPORATION owns and administers www.cutestat.com which copied Defendant Kelly Ellis' defamatory website and made its own website about me containing the libelous statements, which shows up in the top ten (10) search results for my name.

18. Defendant Kelly Ellis created these websites to extort me in that I would pay him to take down the websites.  When I refused, Kelly Ellis pursued the websites and updated the content with the sole intent of getting my law license revoked and ruining my reputation in the community.

19. I have not filed for injunctive relief since the conduct at issue began because I first attempted a protection order in Washington State Court in hopes to get the website removed, I then hired a reputation management company.  I next hired a private investigator, and I hired an attorney to pursue this action.  None of the processes attempted resolved this case for me.  None of the professionals hired pursued this case for me, and I am now pursuing this on my own as a pro se party seeking to salvage my reputation from this point forward.

   Further affiant sayeth naught.

/ / /

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

Executed on: 7/19/2017

_____
CALLI L. HISEY



1

2
## CERTIFICATE OF SERVICE

3

4
I, Calli L. Hisey, certify that I served the foregoing document by the method, on the date, and on each attorney(s) and/or person(s) identified below.

5

6
Method of Service:

7
_____        By mailing by **first class mail** a full, true and correct copy of the document in a sealed, postage prepaid envelope, addressed to each party or attorney shown below, to the last known address of each party or attorney, and deposited with the United States Post Office in Vancouver, Washington on the date set forth below.

8

9
_X___        By causing a full, true and correct copy thereof to be **hand delivered by courier** to the party or attorney shown below, to the last known address on the date set forth below.

10

11
_____        By sending a full, true and correct copy thereof via **courier** in a sealed, prepaid envelope, addressed to the party or attorney as shown below on the date set forth below.

12
_X___        By **faxing/emailing** a full, true and correct copy thereof to the party or attorney at

13
the fax number shown below, which is the last known fax number for the party or attorney on the date set forth below.  The receiving fax machine was operating at the time of service, and the

14
transmission was properly completed, according to the attached confirmation report.

15
Person or Persons Served:

16
        **Hand Delivered by Courier and sent via Email**

17
        KELLY ELLIS
        12010 Old 66

18
        Carthage, MO 64836

19
        INNOVATIVE DATA SEARCH LLC
        c/o HARVARD BUSINESS SERVICES, INC.

20
        16192 Coastal Hwy
        Lewes, DE 19958

21

22
        **Hand Delivered by Courier**
        ENOM, LLC

23
        c/o PAUL KARKAS
        5808 Lake Washington Blvd. NE

24
        Kirkland, WA 98033

/ / /
/ / /
25
/ / /

CERTIFICATE OF SERVICE                p. **1** of **2**

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



1

2  GOOGLE INC.
   c/o CORPORATION SERVICE COMPANY
3  300 Deschutes Way SW, Ste. 304
   Tumwater, WA 98501
4

5  YAHOO! INC.
   c/o CT CORPORATION SYSTEM
6  711 Capitol Way, Ste. 204
   Olympia, WA 98501-1267

7  MICROSOFT CORPORATION
   c/o CORPORATION SERVICE COMPANY
8  300 Deschutes Way SW, Ste. 304
   Tumwater, WA 98501
9

10     DATED this _____ day of July, 2017

11

12

13     _____
       CALLI L. HISEY
14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF SERVICE          p. **2** of **2**

1

2

3

4

5

6

7

8

9                     **UNITED STATES DISTRICT COURT**
                 **FOR THE WESTERN DISTRICT OF WASHINGTON**

10

11   CALLI L. HISEY, an individual; and CALLI          No. 3:17-CV-05543-JRC
     HISEY LAW OFFICES PC, a Washington
12   corporation,

13                        Plaintiffs,
     vs.
14                                                      ORDER GRANTING PLAINTIFFS'
     KELLY ELLIS, an individual; INNOVATIVE            MOTION FOR TEMPORARY
15   DATA SEARCH LLC dba                               RESTRAINING ORDER
     www.bankruptreport.com, a Delaware
16   corporation; ENOM, LLC, a Washington
     corporation; PRIVACY PROTECTION
17   SERVICE INC d/b/a PrivacyProtect.org;
     GOOGLE INC.; a Delaware corporation,
18   YAHOO! INC., a Delaware corporation;
     MICROSOFT CORPORATION, a Washington
19   corporation; and JANE DOES and JOHN
     DOES 1-10, inclusive,
20
21                        Defendants.

22          THIS MATTER, having come before the Court on Plaintiffs' Motion for Temporary

23   Restraining Order and Preliminary Injunction; and the Court having been fully advised in the

24   premises, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

25

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com



1.     Plaintiffs' Motion for Temporary Restraining Order is **GRANTED**; Plaintiffs' are likely to proceed on the merits, some, or all, of all claims set forth in their Verified Complaint filed July 18, 2017 and immediate and irreparable injury, loss, or damage will result to Plaintiffs unless Defendants' are enjoined pursuant to Court Order as follows:

1. Defendants are ordered to stop posting and broadcasting false, defamatory and malicious information about and depiction of the Plaintiffs' name, professional career and business.

2. Defendants are ordered to deindex the following websites from appearing in search results for Plaintiffs: www.callihisey.com, https://callihisey.com.cutestat.com/, http://www.bankruptreport.com/articles/calli-hisey-attorney-arrested-for-public-urination-attacks-bankruptreport-com.html, http://minify.mobi/results/callihisey.com.

3. Defendants are ordered to take down the following websites: www.callihisey.com, https://callihisey.com.cutestat.com/, http://www.bankruptreport.com/articles/calli-hisey-attorney-arrested-for-public-urination-attacks-bankruptreport-com.html, http://minify.mobi/results/callihisey.com.

4. Defendants are ordered to stop using Plaintiffs' trademarks in Calli Hisey, Calli L. Hisey, Calli Lynn Hisey, and Calli Hisey Law Offices PC in any way via online platforms or avenues otherwise.

**Ordered.**

_____   ▶ _____
*Date*                                 *UNITED STATES MAGISTRATE JUDGE*

Dated, this ____ day of July, 2017.

Presented by:

_____
CALLI L. HISEY

CALLI HISEY LAW OFFICES PC
1104 Main St., Suite 212
Vancouver, WA 98660
p: 360.695.0365
e: calli@callihiseylawoffices.com

1

2

### CERTIFICATE OF SERVICE

3

4  I, Calli L. Hisey, certify that I served the foregoing document by the method, on the date, and on each attorney(s) and/or person(s) identified below.

5

6  Method of Service:

7  _____        By mailing by **first class mail** a full, true and correct copy of the document in a sealed, postage prepaid envelope, addressed to each party or attorney shown below, to the last known address of each party or attorney, and deposited with the United States Post Office in Vancouver, Washington on the date set forth below.

8

9  _X___        By causing a full, true and correct copy thereof to be **hand delivered by courier** to the party or attorney shown below, to the last known address on the date set forth below.

10

11  _____        By sending a full, true and correct copy thereof via **courier** in a sealed, prepaid envelope, addressed to the party or attorney as shown below on the date set forth below.

12

_X___        By **faxing/emailing** a full, true and correct copy thereof to the party or attorney at the fax number shown below, which is the last known fax number for the party or attorney on the date set forth below.  The receiving fax machine was operating at the time of service, and the transmission was properly completed, according to the attached confirmation report.

13

14

15  Person or Persons Served:

16

17  **Hand Delivered by Courier and sent via Email**
KELLY ELLIS
12010 Old 66
Carthage, MO 64836

18

19  INNOVATIVE DATA SEARCH LLC
c/o HARVARD BUSINESS SERVICES, INC.
16192 Coastal Hwy
Lewes, DE 19958

20

21

22  **Hand Delivered by Courier**
ENOM, LLC
c/o PAUL KARKAS
5808 Lake Washington Blvd. NE
Kirkland, WA 98033

23

24  / / /
/ / /
/ / /

25

CERTIFICATE OF SERVICE                    p. **1** of **2**



1

2   GOOGLE INC.
    c/o CORPORATION SERVICE COMPANY
3   300 Deschutes Way SW, Ste. 304
    Tumwater, WA 98501
4

5   YAHOO! INC.
    c/o CT CORPORATION SYSTEM
6   711 Capitol Way, Ste. 204
    Olympia, WA 98501-1267

7   MICROSOFT CORPORATION
    c/o CORPORATION SERVICE COMPANY
8   300 Deschutes Way SW, Ste. 304
    Tumwater, WA 98501
9

10      DATED this ___19th___ day of July, 2017

11

12

13      _____
        CALLI L. HISEY
14

15

16

17

18

19

20

21

22

23

24

25