HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALLI L HISEY, et al.,<br><br>     Plaintiffs,<br><br> v.<br><br>KELLY ELLIS, et al.,<br><br>     Defendants. | CASE NO. C17-5543RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART HISEY'S ANTI-SLAPP MOTIONS |

THIS MATTER is before the Court on Plaintiff Hisey's Motion to Dismiss (and Special Motion to Strike) Defendant Ellis's Counterclaim against her for defamation based on (1) her report to the Vancouver Police Department and (2) her subsequent complaint to the Better Business Bureau. Hisey argues that her complaints to a governmental agency about a matter reasonably within its concern entitle her to immunity under Washington's "anti-SLAPP" statute, RCW 4.24.510. She seeks dismissal of the counterclaims under Rule 12(b)(6). She also asks the court to strike the counterclaims under the anti-SLAPP statute's "special motion to strike" provision, RCW 4.24.525(4).

Ellis argues that the "special motion to strike" provision of the anti-SLAPP statute (RCW 4.24.525(4)) has been deemed unconstitutional. *Davis v. Cox*, 183 Wash. 2d 269, 294 (2015). He

also argues that Hisey cannot prevail on her more traditional Rule 12(b)(6) motion to dismiss because his counterclaim is based in part on Hisey's report to a non-governmental agency, the BBB.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the Court may deny leave to amend. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Washington's anti-SLAPP statute aims to deter meritless suits filed to chill a defendant's exercise of his First Amendment rights. It immunizes any "person who communicates a

complaint or information to any branch or agency of federal, state, or local government … from civil liability for claims based upon the communication … [if it regards] any matter reasonably of concern to that agency or organization." RCW 4.24.510 (2002). "The communicator need not have acted in good faith in order to be entitled to immunity." *Engler v. City of Bothell*, No. C15-1873JLR, 2016 WL 3453664, at *7 (W.D. Wash. June 20, 2016) (explaining that the 2002 amendment removed the statute's good faith requirement, broadening the absolute protection afforded to communicators) (citing *Bailey v. State*, 191 P.3d 1285, 1291 (Wash. Ct. App. 2008)). Even if his speech was defamatory, he is immune if his communication regarded "any matter reasonably of concern" to the governmental agency to which he reported. *See, e.g., Lowe v. Rowe*, 173 Wash. App. 253, 262, 294 P.3d 6, 11 (Wash. Ct. App. 2012) (dismissing defamation claim because anti-SLAPP immunity applied). Speech is 'of public concern' when it can "be fairly considered as relating to any matter of political, social, or other concern to the community." *Snyder v. Phelps*, 562 U.S. 443, 453 (2011).

It is true that the special motion to strike is not in play. *Davis v. Cox, supra*. But the immunity granted by RCW 4.24.510 is triggered when the defendant (Hisey, in this context) reports or communicates to a governmental agency about matters reasonably of concern to it, and a plaintiff's (Ellis, in this context) failure to state a claim in the face of it can be determined under the Rule 12(b)(6) standard.

Hisey is immune from Ellis's claim(s) arising from her report to the Vancouver Police Department, and Ellis admits as much. The Motion to dismiss that claim under RCW 4.24.510 is GRANTED, and the claim based on the VPD report is DISMISSED with prejudice and without leave to amend. Hisey is entitled to statutory damages and to attorneys' fees under this statute, and she should file a brief in support of the same within 10 days. Defendants shall respond to any

such filing within 10 days of that filing. The Court will not award such damages or fees to *both* Hisey and her law firm; there will be (only) one award.

Ellis's counterclaim(s) based on the report to the BBB are not similarly subject to dismissal under the Rule 12(b)(6)/*Iqbal*/*Twombly* standard; it is plausible that Hisey's report to that (non-governmental) agency is not entitled to similar immunity. Hisey's Motion to Dismiss that counterclaim based on anti-SLAPP immunity is DENIED.

The Motion to Strike footnote number one to Ellis's Response to the Motion is DENIED. Ellis (and Hisey) should refrain from gratuitously including unnecessary and obviously embarrassing "facts" in the future.

IT IS SO ORDERED.

Dated this 28th day of November, 2017.

*/s/ Ronald B. Leighton*
Ronald B. Leighton
United States District Judge